UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEER CAPITAL MANAGEMENT LP,
Plaintiff and Counterclaim Defendant,

-against-

CREDITO LOMBARDO VENETO S.P.A,
Defendant and Counterclaim Plaintiff.

CREDITO LOMBARDO VENETO S.P.A,
Third-Party Plaintiff,

-against-

S.C.O. ILOANS, LLC,
Third-Party Defendant.

26 Civ. 85 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant and Counterclaim Plaintiff Credito Lombardo Veneto S.P.A. ("Credito Lombardo") moves for issuance of Letters of Request compelling the production of documents from KPMG Advisory S.p.A. ("KPMG Italy"), a foreign non-party located in Italy. Plaintiff and Counterclaim Defendant Seer Capital Management L.P. ("Seer") and Third-Party Defendant S.C.O. ILoans, LLC ("S.C.O.") do not oppose the relief requested.

WHEREAS, pursuant to 28 U.S.C. § 1781, a party may move a district court to issue a request to obtain documentary evidence in a foreign country. *See United States v. Lee*, 723 F.3d 134, 142 n.6 (2d Cir. 2013). One method for seeking discovery abroad is issuing a letter of request through the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, which charges the signatory nations to cooperate on discovery matters. *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court S. Dist. of Iowa,* 482 U.S. 522, 530-31 (1987).

WHEREAS, the discovery principles of Federal Rule of Civil Procedure 26 govern issuance of letters of request under the Hague Convention. *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20 Civ. 8585, 2023 WL 4362933, at *1 (S.D.N.Y. July 6, 2023). "[T]he party seeking the application of the Hague Convention procedures bears the burden of persuasion," but "that burden is not a heavy one." *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23 Civ. 7331, 2025 WL 1725796, at *8 (S.D.N.Y. June 20, 2025). A court should also "be mindful of the possible burden placed on foreign authorities by the issuance of letters rogatory under the Hague Convention." *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 24 Civ. 744, 2026 WL 1078382, at *6 (S.D.N.Y. Apr. 21, 2026).[1]

WHEREAS, Credito Lombardo has met its burden for substantially the reasons stated in its memorandum of law. Credito Lombardo seeks four categories of documents and communications relating to an audit of non-party MCE Finance S.p.A. ("MCE Finance") performed by KPMG Italy. The Amended Counterclaims and Third-Party Complaint allege that Credito Lombardo made loans to MCE Finance made in partial reliance on statements in KPMG Italy's audit. (Dkt. 47, at ¶ 46.) The information sought is relevant under the standards of Rule 26 and not unduly burdensome. It is hereby

**ORDERED** Credito Lombardo's motion is **GRANTED**. It is further

**ORDERED** that Credito Lombardo shall serve the letter of request on the appropriate entity in Italy. The signed letter of request is appended to this Order as Exhibit 1.

---

[1] Specifically, a court may "take into account [1] the importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 792 (S.D.N.Y. 2012).

The Clerk of Court is respectfully directed to certify and affix the Seal of the Court to the signed letter of request and then to contact counsel for Defendant to pick up the letter request, and to terminate the motion at Dkt. 58.

Dated: July 27, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

X

SEER CAPITAL MANAGEMENT LP

Plaintiff-Counterclaim Defendant,

-v-

CREDITO LOMBARDO VENETO S.P.A.

Defendant and Counterclaimant.

X

CREDITO LOMBARDO VENETO S.P.A.

Third-Party Plaintiff,

-v-

S.C.O. ILOANS, LLC,

Third-Party Defendant.

X

1:26-CV-00085-LGS

**SO ORDERED.**

Dated: July 27, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**[PROPOSED] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF ITALY:

The United States District Court for the Southern District of New York (the "Court") presents its compliments to Italy and the Ufficio Unico Ufficiali Giudiziari presso la Corte d'Appello di Roma and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

This Court requests the assistance described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted, and implemented in the United States of America at 28 U.S.C. § 1781, and as ratified under Italian law. The United States District Court for the Southern District of New York is a

competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel production of documents in the United States.

This Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

| | | |
|---|---|---|
| 1. | Sender | Honorable Lorna Schofield<br>U.S. District Court for the Southern District of New York<br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>New York, NY 10007<br>United States of America |
| 2. | Central Authority of the Requested State | Ufficio Unico Ufficiali Giudiziari presso la Corte d'Appello di Roma<br>Viale Giulio Cesare, 52<br>00192 ROMA |
| 3. | Persons to whom the executed request is to be returned | Anthony P. Badaracco<br>Dorsey & Whitney LLP<br>1301 Avenue of the Americas<br>New York, New York 10019<br>(212) 415-9354<br>badaracco.anthony@dorsey.com<br><br>Kent J. Schmidt<br>Dorsey & Whitney LLP<br>600 Anton Boulevard, Suite 200<br>Costa Mesa, CA 92626<br>(714) 800-1445<br>schmidt.kent@dorsey.com |

| | | |
|---|---|---|
| 4. | Name and address of person from whom evidence is sought | KPMG Advisory S.p.A.<br>Via Vittor Pisani, 31<br>20124 MILANO |
| 5. | Specification of the date by which the requesting authority requires receipt of the response to the Letters of Request | August 7, 2026, or as soon as practicable |
| 6. | Requesting judicial authority | Honorable Lorna Schofield<br>U.S. District Court for the Southern District of New York<br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>New York, NY 10007<br>United States of America |
| 7. | Names and addresses of the plaintiff and its representatives<br><br>Names and addresses of the defendant and its | Seer Capital Management LP<br><br>Ian M. Dumain<br>Brian T. Kohn<br>Jason T. Mitchell<br>Kohn Dumain LLP<br>825 Third Avenue 21st Floor<br>New York, NY 10022<br>(212) 324-3746<br>ldumain@kohndumain.com<br>bkohn@kohndumain.com<br>jmitchell@kohndumain.com<br><br>Credito Lombardo Veneto, S.p.A.<br><br>Anthony P. Badaracco<br>Dorsey & Whitney LLP |

| | | |
|---|---|---|
| | representatives | 1301 Avenue of the Americas<br>New York, New York 10019<br>(212) 415-9354<br>badaracco.anthony@dorsey.com<br><br>Kent J. Schmidt (admitted *pro hac vice*)<br>Dorsey & Whitney LLP<br>600 Anton Boulevard, Suite 200<br>Costa Mesa, CA 92626<br>(714) 800-1445<br>schmidt.kent@dorsey.com |
| 8. | Nature of the proceedings and summary of complaint and defenses | The nature of the litigation stems from a Complaint filed by Seer Capital Management LP ("Seer Capital") in the Southern District of New York (*Seer Capital Mgmt. LP v. Credito Lombardo Veneto S.p.A.*, Case No. 26-CV-00085-LGS (S.D.N.Y.)) against Credito Lombardo Veneto S.p.A. ("Credito Lombardo") for declaratory judgment that Seer Capital owes no obligations under Comfort Letters that Seer Capital issued to Credito Lombardo. In the same action, Credito Lombardo Veneto S.p.A. asserted defenses and counterclaims against Seer Capital, as well as third-party claims against S.C.O. ILoans, LLC ("SCO"), alleging that Seer Capital and SCO breached their fiduciary duties, engaged in fraudulent concealment, aided and abetted breach of fiduciary duty, aided and abetted fraudulent concealment, and made negligent misrepresentations. The counterclaim allegations are based on Seer Capital's provision of Comfort Letters to |

| | | |
|---|---|---|
| | | Credito Lombardo, which Credito Lombardo relied on to extend lines of credit to MCE Finance S.p.A. In the interim, Seer Capital stopped causing its controlled entity SCO to provide financial support for MCE Finance, which led MCE Finance to undergo insolvency proceedings in Italy. |
| 9. | Evidence to be obtained<br><br>Purpose of the evidence sought | Documents and information described in Schedule A, attached.<br><br>The evidence sought is requested in the interests of justice to establish at trial information in the witness's possession that is relevant to Credito Lombardo's potential defenses and counterclaims in this action. In particular, Credito Lombardo relied upon a 2024 KPMG Audit Report of MCE Finance following audit work done by KPMG Advisory S.p.A. that reviewed MCE Finance's 2023 financial statements and notes to the financial statements regarding shareholder support and going-concern assumptions. The report included the lines (Italian to English translation), "From a financial perspective, on 15 April 2024, the majority shareholder confirmed its |

| | | |
|---|---|---|
| | | commitment to provide financial support until the completion of the extraordinary transaction, which is expected to take place within the 2024 financial year, . . .," and "[T]he Directors highlight the presence of significant uncertainty that may raise significant doubts about the Company's ability to continue operating as a going concern, particularly with regard to the completion of the extraordinary transaction, also taking into account the possible absence of financial support from the majority shareholder starting in April 2025 if the extraordinary transaction is not finalized." These statements, and the documents relied upon to generate the report, are essential to proving Seer Capital's knowledge of MCE Finance's financial situation and the timeline of Seer Capital's intent to suspend financial support from MCE Finance as compared to what Seer Capital represented to Credito Lombardo at the time in question. |
| 10. | Identity and address of person to be examined | Not applicable. |
| 11. | Subject-matter of examination | Not applicable. |

| | | |
|---|---|---|
| 12. | Documents or other property to be inspected | See Schedule A, attached. |
| 13. | Any requirement that the evidence be given on oath or affirmation and any special form to be used | Not applicable. |
| 14. | Special methods or procedure to be followed | See Schedule A, attached. |
| 15. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified | Anthony P. Badaracco<br>Dorsey & Whitney LLP<br>1301 Avenue of the Americas<br>New York, New York 10019<br>(212) 415-9354<br>badaracco.anthony@dorsey.com<br><br>Kent J. Schmidt (admitted *pro hac vice*)<br>Dorsey & Whitney LLP<br>600 Anton Boulevard, Suite 200<br>Costa Mesa, CA 92626<br>(714) 800-1445<br>schmidt.kent@dorsey.com<br><br>Ian M. Dumain<br>Brian T. Kohn<br>Jason T. Mitchell<br>Kohn Dumain LLP<br>825 Third Avenue 21st Floor<br>New York, NY 10022<br>(212) 324-3746<br>ldumain@kohndumain.com<br>bkohn@kohndumain.com<br>jmitchell@kohndumain.com |

| | | |
|---|---|---|
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. In particular, a document may be withheld if it would disclose a privileged communication between the person and the person's attorney. |
| 17. | Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or Article 26 of the Convention will be borne by: | Anthony P. Badaracco<br>Dorsey & Whitney LLP<br>1301 Avenue of the Americas<br>New York, New York 10019<br>(212) 415-9354<br>badaracco.anthony@dorsey.com<br><br>Kent J. Schmidt (admitted *pro hac vice*)<br>Dorsey & Whitney LLP<br>600 Anton Boulevard, Suite 200<br>Costa Mesa, CA 92626<br>(714) 800-1445<br>schmidt.kent@dorsey.com |

Dated: New York, New York
July 20, 2026

**DORSEY & WHITNEY LLP**

By: /s/ Anthony P. Badaracco
Anthony P. Badaracco
Dorsey & Whitney LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 415-9354
badaracco.anthony@dorsey.com

Kent J. Schmidt (admitted *pro hac vice*)
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
(714) 800-1445
schmidt.kent@dorsey.com

*Attorneys for Credito Lombardo Veneto S.p.A.*

**SCHEDULE A**

Defendant-Counterclaimant and Third Party Plaintiff Credito Lombardo Veneto S.p.A. ("Credito Lombardo") hereby requests that KPMG Advisory S.p.A. ("KPMG") produce documents and things responsive to the Requests for Documents listed below.

**DEFINITIONS AND INSTRUCTIONS**

To the extent used herein, the following terms shall have the meanings set forth below unless specifically indicated:

1. "Seer Capital" shall mean Plaintiff-Counterclaim Defendant Seer Capital Management LP and any of its current or former members, owners, representatives, officers, directors, managers, agents, advisors, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

2. "SCO" shall mean S.C.O. ILoans LLC ("SCO"), which Seer Capital contends is its wholly-owned subsidiary.

3. "Credito Lombardo" shall mean Defendant-Counterclaimant Credito Lombardo Veneto S.p.A. and any of its current or former members, owners, employees, representatives, officers, directors, managers, agents, advisors, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

4. "MCE Finance" shall mean MCE Finance S.p.A. and any of its current or former members, owners, employees, representatives, officers, directors, managers, agents, advisors, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

5. "Action" means this civil action initiated by Seer Capital on January 7, 2026 in the U.S. District Court for the Southern District of New York, styled *Seer Capital Management L.P. v. Credito Lombardo Veneto S.p.A.*, No. 1:26-cv-00085.

6. "Complaint" shall mean the complaint filed in this Action on January 7, 2026, attached hereto as Exhibit A.

7. "Answer" shall mean the Answer and Affirmative Defenses filed by Credito Lombardo in this Action on March 31, 2026.

8. "Amended Counterclaims and Third Party Complaint" shall mean the Amended Counterclaims and Third Party Complaint filed by Credito Lombardo in this Action on June 18, 2026. The Amended Counterclaims and Third Party Complaint are attached hereto as Exhibit B.

9. "KPMG Audit Report" shall mean the May 2024 report issued by KPMG that stated that MCE Finance was operating as a "going concern" with the support of Seer Capital. Counterclaims at ¶ 6.

10. "Imprebanca Merger" shall mean any proposed transaction between MCE Finance and Imprebanca S.p.A., including any transaction referenced in audited statements of MCE Finance in April 2024. Counterclaims at ¶¶ 31, 33.

11. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Local Civil Rules for the Southern and Eastern Districts of New York are incorporated herein by reference.

12. The past tense shall include the present tense, and vice versa.

13. Production of any Document by another Person does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

14. The use of defined terms applies whether or not they are capitalized.

15. When an individual, partnership, limited liability company, or other non-corporate entity is referred to herein, said reference shall be construed to include that individual, partnership, limited liability company, or other non-corporate entity in any capacity and all and any agents, employees, representatives, members, family members, predecessors, and successors in interest, affiliates, departments, or divisions, and all other persons or entities acting on his/her/its behalf or under his/her/its control, whether in the past or the present.

16. To the extent you consider any of the following requests objectionable, respond to as much of each request and each part thereof as is not, in your view, objectionable, as required by the Federal Rules of Civil Procedure. Separately state that part of each request as to which you raise objection and specify, with particularity, the grounds for each such objection.

17. If there are no documents responsive to any particular request, please state so as your answer or response.

18. In the event that any Document responsive to the Requests was, but is no longer, in Your possession, custody, or control, or has been lost, destroyed, discarded, or otherwise disposed of, You are requested to identify such Document as completely as possible, including without limitation, the following information: (a) the nature of the Document; (b) the person who prepared or authorized the Document and, if applicable, the person to whom the Document was sent; (c) the date on which the Document was prepared or transmitted; and (d) if possible, what has happened to the Document and where it or any copies of it may be located, or if the Document was lost or destroyed, the date on which the Document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

19. With respect to any document that You are required to produce in response to these Requests and that You claim to be subject to any claim of privilege or other immunity, provide a privilege log prepared by a person having knowledge setting forth as to each such document:

a. The name(s) of the author(s) of the document;

b. The name(s) of each recipient of the document and any copy thereof;

c. The date of the document;

d. The number of pages;

e. Attachments; and

f. A brief description of the nature and subject matter of the document, and the grounds for withholding it.

20. Each Request should be construed independently. No Request should be construed in reference to any other Request for the purpose of limiting the scope of response to such Request.

21. The following Requests are deemed to be continuing in nature and impose upon You the obligation to provide a supplemental or corrected response in the event You obtain or discover additional information after Your initial response.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Documents and communications sufficient to show Seer Capital and/or SCO's relationship with MCE Finance in 2024 and 2025, including but not limited to issuing any comfort letters or letters of patronage and Seer Capital and/or SCO's overall commitment or promises to continue supporting the financial obligations of MCE Finance until a date in 2025.

2. Documents and communications sufficient to show Seer Capital and/or SCO's involvement in arranging or negotiating a potential or proposed merger between Imprebanca and MCE Finance or an acquisition of MCE Finance by Imprebanca in 2024.

3. Documents sufficient to show Seer Capital's position and financial commitment to MCE Finance or the treatment of and assumptions of MCE Finance operating as a "going concern" in 2024 for the purpose of the KPMG Audit Report.

4. Documents sufficient to show KPMG's assessment that MCE Finance was operating as a "going concern" in 2024 with or without the support of Seer Capital, including related communications with Seer Capital or SCO.