DORSEY
DORSEY + WHITNEY LLP

**ANTHONY P. BADARACCO**
**Partner**
**(212) 415-9354**
**FAX (212) 953-7201**
**badaracco.anthony@dorsey.com**

October 29, 2026

**VIA ELECTRONIC FILING**

The Honorable Lorna G. Schofield
United States District Court for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** ***Letter Motion to Seal - Seer Capital Management, L.P. v. Credito Lombardo Veneto, S.p.A., Credito Lombardo Veneto S.p.A. v. S.C.O. ILoans, LLC, No. 1:26-cv-00085 (LGS)***

Dear Judge Schofield:

We are counsel to Defendant-Counterclaimant and Third-Party Plaintiff Credito Lombardo Veneto, S.p.A. ("Credito Lombardo") in the above-referenced matter. Per the Court's Individual Rule D.3, Credito Lombardo submits this letter requesting the Court's permission to redact references to certain materials (the "Documents and Testimony") within Credito Lombardo's Motion for Leave to Amend and attached proposed Second Amended Counterclaims and Third-Party Complaint. The Documents and Testimony consist of marked deposition exhibits and testimony, including Exhibits 4, 6, 15, 32, 37, 41, 43, 47, 52, 73, 75, 76, 80, 82, 86, 87, and testimony of Terry Lanson, Alessandro Maione, Richard D'Albert, and Andrew Dominus.

To be clear, Credito Lombardo does not contend that the Documents and Testimony contain any information that should be filed under seal. These Documents and Testimony were either: (1) marked as Confidential and disclosed by counsel for Seer Capital and SCO under ⁋ 2 of the Stipulated Protective Order in this matter (Dkt. 30-0, the "Protective Order") and/or (2) arose in the context of recent depositions that are subject to ⁋ 8 of the Protective Order. Under ⁋ 8 of the Protective Order, a party has thirty (30) days to designate a deposition or portions thereof confidential (though "such designation shall be made on the record during the deposition whenever possible"). Because, pursuant to this Court's order, Credito Lombardo's deadline to file a motion for leave to amend was less than 30 days (and in one case, only one week) after the conclusion of depositions of Seer/SCO witnesses, Seer/SCO has additional time to designate portions of the transcripts as confidential.

DORSEY
DORSEY + WHITNEY LLP

Credito Lombardo sought consent from opposing counsel to file these Documents and Testimony publicly, and Seer/SCO indicated that it did not have sufficient time to receive and review transcripts[1] and consider the request. Pursuant to this Court's Individual Rule D.3, the party with an interest in confidential treatment (in this case Seer Capital and SCO) bears the burden of persuasion and should file, within two business days, a letter in support of the motion to seal.

At this time, Credito Lombardo respectfully requests that the Court permit it to redact references to the above-referenced Documents and Testimony to be viewed only by Selected Parties and counsel listed in the Appendix to this Letter Motion to Seal until and unless Seer Capital and SCO so move and obtain that order.

Sincerely,

DORSEY & WHITNEY LLP

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco
Partner

*Attorney for Credito Lombardo Veneto S.p.A.*

Application **DENIED**. A three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). At the first and second steps, Credito Lombardo's pre-motion letter and Proposed Second Amended Counterclaims and Third Party Complaint is a judicial document to which the presumption of public access attaches. At the third step, the parties' confidentiality designations are insufficient to justify sealing of a judicial document. *Id.* at 126. Because neither party asserts a privacy interest separate from the parties' confidentiality designations, sealing is unjustified here.

The Clerk of Court is respectfully directed to lift the seal on Dkt. 93 and to terminate the motions at Dkt. Nos. 92 and 93.

Dated: November 9, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[1] To date, the copies of the transcripts from October 21, 2026 and October 22, 2026 that Credito Lombardo received from the court reporter, are "rough" and not final.

# **Appendix**

The following parties and attorneys should have access to the sealed documents:

1. **Seer Capital Management, LP**
2. **Credito Lombardo Veneto, S.p.A.**
3. **S.C.O. ILoans, LLC**
4. **Dorsey & Whitney, LLP, Attorneys for Credito Lombardo Veneto S.p.A.**

   Anthony Badaracco, Kent Schmidt, Hannah Livingston, Jaycie Cruz
5. **Legance Law Firm, Italian Counsel for Credito Lombardo Veneto S.p.A.**

   Vittorio Pozzi, Lomanto Simonetta, Marialuisa Garavelli
6. **Kohn Dumain, LLP, Attorneys for Seer Capital Management and S.C.O. ILoans**:

   Brian Kohn, Ian Dumain, Jason Mitchell